UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J<small>OSEPH</small> L<small>EWIS</small>,

      Plaintiff,                           Hon. Paul L. Maloney

v.                                           Case No. 1:20-cv-1261

V<small>ICTOR</small> C<small>ELENTINO</small>, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Ingham County Defendants' motion to dismiss, pursuant to Rule 12(b)(6), for failure to state a claim (ECF No. 8), and the state Defendants motion to dismiss, pursuant to Rule 12(b)(1), for lack of jurisdiction. (ECF No. 12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Ingham County Defendants' motion (ECF No. 8) be granted in part and denied in part, and that the state Defendants' motion (ECF No. 12) be granted.

## BACKGROUND

Plaintiff, proceeding pro se, initiated this action on December 31, 2020, against the following: Ingham County Sheriff's Deputies Brad Delaney and Scott Macomber; Ingham County District Court Judge Thomas Boyd; Ingham County Circuit Court Judge James Jamo; Ingham County Prosecuting Attorney Jennifer Lawton-Pace; Ingham County; fourteen individuals serving on the Ingham County Board of Commissioners;

-1-

Michigan Governor Gretchen Whitmer; and the State of Michigan. In his complaint, Plaintiff makes the following allegations.

On the evening of May 10, 2019, Plaintiff and his young daughter were traveling in Plaintiff's truck on a public highway. Deputy Macomber, having allegedly observed Plaintiff texting while driving, initiated a traffic stop. Because Plaintiff "couldn't fathom any reason he would be pursued by a municipal employee," he failed to immediately stop, but instead "rushed to a nearby 'rest stop' for their safety."

Plaintiff disputed that he had been using his cell phone while driving and began to "contest the interruption of his travels." Macomber requested assistance from additional law enforcement and continued questioning Plaintiff. Deputy Delaney arrived soon thereafter and "began supporting Macomber's claims." Fearing for his life, Plaintiff stated that he would not cooperate further until his daughter "is brought to safety." Plaintiff was permitted to telephone a friend who arrived shortly thereafter and took custody of Plaintiff's daughter.

Deputy Delaney later "attempted to grab [Plaintiff] by the wrist while threatening him with his taser-in-hand." Plaintiff "pulled away" from Delaney, however, who then stated that Plaintiff was under arrest. Delaney and/or Macomber then "forcibly attacked" Plaintiff who immediately "submit[ted]." Despite Plaintiff stating "multiple times" that he did not "consent to any searches or seizures of his personal property," Delaney and Macomber searched Plaintiff's personal effects.

-2-

Plaintiff was transported to the Ingham County Jail and later charged with resisting arrest, careless driving, and refusal to provide a DNA sample. Plaintiff was arraigned the following morning, after which he was released on bond. On May 28, 2019, Plaintiff appeared before the Honorable Thomas Boyd. During this proceeding, prosecuting attorney Jennifer Lawton-Pace "attempted to act judicially as an expositor of the U.S. Const. and Statutes of Michigan's Compiled Legislation." Plaintiff responded by arguing that his traffic stop and subsequent arrest violated his right to due process because he had committed no criminal offense. Judge Boyd disagreed and scheduled the matter for further proceedings.

On June 20, 2019, Plaintiff appeared before the Honorable James Jamo who, despite Plaintiff's attempts to "explain[] his comprehension of the Supremacy Clause," ordered "the preliminary exam to proceed." Following the examination, Judge Jamo ruled that there existed probable cause to charge Plaintiff with resisting and obstructing and the matter proceeded forward.

Plaintiff asserts several causes of action: (1) his arrest and criminal prosecution violated his Fourth Amendment rights; (2) the Michigan statute criminalizing resisting and obstructing a police officer is unconstitutional; (3) the Michigan statute criminalizing the refusal to provide a DNA sample is unconstitutional; and (4) his arrest and search of his personal possessions violated his rights under the First, Fourth, Fifth, and Sixth Amendments. Plaintiff further alleges that the events in question have

-3-

negatively impacted his employment causing him to experience "losses of over $3,000,000," not to mention the loss of "private investments he sought to secure."

Plaintiff seeks $5,000,000.00 in damages and the issuance of a "public memorandum" detailing the "errors found in the statutes, agencies, policies, procedures, etc." Plaintiff further requests that the United States Department of Justice investigate the State of Michigan and Ingham County. Finally, Plaintiff "demands that if criminal conduct be found against Defendants, that charges be filed against them." The Ingham County Defendants now move to dismiss Plaintiff's claims on the ground that Plaintiff's allegations, even if true, fail to state a claim on which relief may be granted. The Ingham County Defendants also assert various immunity defenses. The state Defendants assert sovereign immunity. Plaintiff has responded to the Ingham County Defendants' motion only. (ECF No. 11).

## **LEGAL STANDARD**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The burden to obtain relief under Rule 12(b)(6) rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." A motion to dismiss "should not

be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ibid.*

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also, Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits . . . in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

### I.   Constitutionality of Michigan Statutes

Plaintiff challenges the constitutionality of two Michigan statutes. First, Plaintiff challenges the constitutionality of Michigan Compiled Laws § 750.81d(1), which makes it unlawful to assault, batter, wound, obstruct, oppose, or endanger "a person who the individual knows or has reason to know is performing his or her duties." Plaintiff also challenges the constitutionality of Michigan Compiled Laws § 28.173a, which makes it

unlawful for "[a]n individual required by law to provide samples for DNA identification profiling who refuses to provide or resists providing those samples." When challenging the constitutionality of a state statute, the proper defendant is the official whose enforcement of the statute is being challenged. *See, e.g., Phillips v. City of Cincinnati*, 479 F.Supp.3d 611, 658 (S.D. Ohio 2020); *Browning v. Worthy*, 2014 WL 4064808 at *5 (E.D. Mich., Aug. 18, 2014).

In this case, the proper defendant would appear to be the prosecuting attorney, Defendant Lawton-Pace who has advanced no argument that Plaintiff's claims challenging the constitutionality of these statutes should be dismissed. Plaintiff's challenge to the statute making unlawful obstruction and resistance to law enforcement is patently frivolous and should be dismissed, Defendant's failure to advance any argument notwithstanding. As to Plaintiff's other statutory challenge, however, the Court reaches a different result.

Collecting a DNA sample from a pre-trial detainee raises important constitutional questions, the assessment of which may turn on the method by which the DNA is collected, whether such is collected prior to a judicial finding that there exists probable cause that the individual committed a crime, and the extent to which there exist guidelines limiting the government's use of any DNA collected. *See, e.g., United States v. Mitchell*, 652 F.3d 387 (3rd Cir. 2011); *United States v. Robinette*, 2013 WL 211112 (E.D. Cal., Jan. 18, 2013). The statute challenged in this case does not, on its face, address any of these concerns. Thus, in the absence of any argument by Defendant,

dismissal of Plaintiff's claim is not appropriate. Accordingly, the undersigned recommends that, as to Plaintiff's challenge to Michigan Compiled Laws § 750.81d(1), Defendant's motion to dismiss be granted. But, with respect to Plaintiff's challenge to Michigan Compiled Laws § 28.173a, the undersigned recommends that Defendant's motion to dismiss be denied.

## II. Defendants Boyd and Jamo

Plaintiff alleges that Judge Boyd and Judge Jamo violated his rights by the decisions each made during the course of presiding over Plaintiff's criminal prosecution. Judicial officers enjoy immunity from civil suits seeking money damages. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007). This immunity likewise extends to claims asserted under 42 U.S.C. § 1983 seeking injunctive relief. *See, e.g., Johnson v. Edgar*, 2015 WL 869320 at *3 (W.D. Mich., Feb. 27, 2015); *Lawrence v. Pelton*, 413 F.Supp.3d 701, 711 (W.D. Mich. 2019). Accordingly, the undersigned recommends that Defendants' motion to dismiss be granted.

## III. Defendant Lawton-Pace

Plaintiff alleges that Defendant Lawton-Pace violated his rights by actions she took during his criminal prosecution. Prosecuting attorneys enjoy absolute immunity from claims for civil damages "when acting within the scope of their prosecutorial duties." *Howell v. Sanders*, 668 F.3d 344, 349-50 (6th Cir. 2012). Plaintiff's allegations against Defendant all concern actions taken within the scope of her duties as a prosecuting attorney. Accordingly, with respect to Plaintiff's claims challenging Defendant's actions

in her role as prosecuting attorney, the undersigned recommends that Defendant's motion to dismiss be granted.

## IV. Defendants Ingham County and Ingham County Board of Commissioners

Plaintiff has named as defendants fourteen members of the Ingham County Board of Commissioners. Plaintiff has sued these individuals in their official capacity. As such, Plaintiff's claims against these individuals are equivalent to a suit against the County itself. *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

While "municipalities and other local governmental bodies" are considered "persons" under § 1983, such entities cannot be held liable solely because they employ a tortfeasor. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on Ingham County, Plaintiff must demonstrate that he suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

In his complaint, Plaintiff repeatedly asserts the conclusion that Ingham County "has numerous policies and procedures" that violate citizens' rights. Plaintiff has failed, however, to identify any such policies or procedures. Plaintiff has likewise failed to allege facts from which a reasonable juror could infer the existence or nature of such policies or procedures. Accordingly, the undersigned recommends that the motions to dismiss asserted by Defendants Celentino, Sebolt, Slaughter, Crenshaw, Tennis,

Maiville, Trubac, Grebner, Koenig, Morgan, Stivers, Polsdofer, Schafer, Naeyaert, and Ingham County be granted.

## V.     **Defendants Delaney and Macomber**

Plaintiff alleges that his detention, arrest, and search by Deputies Delaney and Macomber violated his First, Fourth, Fifth, and Sixth Amendment rights.  Defendants argue that they are entitled to relief based upon the doctrine of collateral estoppel. Specifically, Defendants argue that because the question whether there existed probable cause to detain Plaintiff has already been litigated, they are entitled to relief.   The Court disagrees.

The doctrine of collateral estoppel is designed to "shield litigants (and the judicial system) from the burden of re-litigating identical issues and to avoid inconsistent results." *Gilbert v. Ferry*, 413 F.3d 578, 580 (6th Cir. 2005).    For collateral estoppel to apply, three elements must be present: (1) a question of fact essential to the judgment must have been "actually litigated and determined by a valid and final judgment"; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel.   *Id.* at 581.

The analysis here need not proceed beyond the first factor, as Defendants have failed to establish that the question whether there existed probable cause to detain Plaintiff was "actually litigated."   According to Defendants, Plaintiff was not prosecuted as the prosecuting attorney instead decided to dismiss the charges against Plaintiff.

-10-

Thus, there does not appear to be any final judgment establishing that there existed probable cause to detain Plaintiff.

The Court recognizes that a judicial determination was made following Plaintiff's arrest that there existed probable cause for his prosecution to proceed. Citing to *Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987), Defendants argue that this finding is a sufficient basis to invoke collateral estoppel. In *Coogan*, the plaintiff sued the City of Wixom for malicious prosecution. *Id.* at 171-72. The Sixth Circuit concluded that, because the plaintiff had been afforded the opportunity at a preliminary hearing to challenge the existence of probable cause to prosecute him, his claim for malicious prosecution failed. *Id.* at 175. The Court, however, further observed:

> We do not hold that every determination in a preliminary hearing should be given preclusive effect in a subsequent § 1983 action. Some preliminary hearings are little more than formalities. Also, even when an opportunity for full adversary proceedings is afforded, strategic concerns may counsel against engaging in such an exercise at the early stages of a criminal proceeding.

*Ibid.*

The Sixth Circuit has subsequently reaffirmed this observation. *See, e.g., Autrey v. Stair*, 512 Fed. Appx. 572, 581-82 (6th Cir., Jan. 29, 2013). While the Court can speculate whether the circumstances of Plaintiff's preliminary examination were sufficient to defeat his present claims against Defendants Delaney and Macomber, such is not an appropriate basis on which to grant a motion to dismiss. Defendants bear the burden to demonstrate that dismissal is appropriate. In this respect, Defendants' blanket assertion that findings made in a preliminary examination cannot be re-litigated

-11-

in a subsequent civil action is insufficient. A more probing examination of Plaintiff's preliminary examination and the circumstances surrounding it is required. As Defendants have failed to undertake any such analysis, the undersigned recommends that Defendants' motion to dismiss be denied.[1]

## VI.   Defendants Whitmer and State of Michigan

With respect to these Defendants, Plaintiff seeks only money damages. The State of Michigan is immune, pursuant to the Eleventh Amendment, from Plaintiff's claims for money damages. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). To the extent Plaintiff seeks money damages from the Governor in her official capacity, the same analysis applies. *Ibid.* Finally, to the extent Plaintiff has sued the Governor in her personal capacity, Plaintiff has failed to allege any facts demonstrating that she violated his rights. Accordingly, the undersigned recommends that the motion to dismiss by Governor Whitmer and the State of Michigan be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that the state Defendants' Motion to Dismiss (ECF No. 12) be granted. The undersigned further recommends that the Ingham County Defendants' Motion to Dismiss (ECF No. 8) be

---

[1] The Court further notes that there exists authority suggesting that collateral estoppel has no application to findings made in a preliminary examination where the plaintiff's subsequent civil claim is based upon the allegation that the finding of probable cause at the preliminary examination was based upon false statements by the defendant police officer. *See Taylor v. City of Detroit*, 368 F.Supp.2d 676, 685 (E.D. Mich. 2005).

granted in part and denied in part. Specifically, the undersigned recommends that the Ingham County Defendants' motion be granted, except for the following claims, which should be allowed to proceed: (1) Plaintiff's claim challenging the constitutionality of Michigan Compiled Laws § 28.173a; and (2) Plaintiff's claims that his detention, arrest, and search by Deputies Delaney and Macomber violated his First, Fourth, Fifth, and Sixth Amendment rights.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 7, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge