UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH LEWIS, | ) | |
|         Plaintiff, | ) | |
| | ) | No. 1:20-cv-1261 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| VICTOR CELENTINO, *et al.*, | ) | |
|         Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Joseph Lewis, proceeding without the benefit of counsel, filed this civil lawsuit in which he asserts claims arising from his arrest. The defendants associated with Ingham County filed a motion to dismiss. (ECF No. 8.) The defendants associated with the State of Michigan filed their own motion to dismiss. (ECF No. 12.) The Court referred the two motions to the Magistrate Judge. The Magistrate Judge issued a report recommending the Court grant the State Defendants' motion to dismiss. (ECF No. 23.) The Magistrate Judge also recommends grant the County Defendants' motion to dismiss in part. The County Defendants filed objections. (ECF No. 24.) Plaintiff also filed objections. (ECF No. 28.) The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

  A. The Complaint

Plaintiff's pleading is not a model of clarity. Because Plaintiff is not an attorney, this Court must liberally construe his pleadings and other filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))). The Magistrate Judge finds that the complaint sets forth four claims: (1) Plaintiff's arrest and prosecution violated the Fourth Amendment; (2) MCL § 750.81(d)(1)— resisting and obstructing a police officer — is unconstitutional; (3) MCL 28.173a — DNA collection—is unconstitutional; and (4) Plaintiff's arrest and the search of his property violated his First, Fourth, Fifth and Sixth Amendment rights. (PageID.327.) No party objects to this conclusion.

  B. Plaintiff's Objection

In his complaint, Plaintiff argues that Michigan Compiled Laws § 750.81d(1) is unconstitutional because the statute allows too much discretion. The statute makes it a felony to assault, batter, wound, resist, obstruct oppose or endanger a person that an individual knows or has reason to know is performing his or her duties. The Magistrate Judge concludes Plaintiff's challenge is patently frivolous. Plaintiff objects, insisting that the statute is vague.

Plaintiff's objection is overruled. Federal courts have not considered vagueness challenges to this statute. The Michigan Court of Appeals has, however, rejected multiple

vagueness challenges to § 750.81d(1). *See, e.g., People v. Morris*, 886 N.W.2d 910, 918-19 (Mich. Ct. App. 2016) (rejecting a void for vagueness challenge based on the assertion that the statute jury "unstructured and unlimited discretion to determine whether he had committed an offense"); *People v. Nichols*, 686 N.W.2d 502, 506 (Mich. Ct. App. 2004) (concluding that the phrase "know or reason to know" did not render the statute unconstitutionally vague in an as applied challenge); *People v. Spicer*, No. 281173, 2010 WL 934212, at *5 (Mich. Ct. App. Mar. 16, 2010) ("Finally, defendant conceded that he was aware that he had been involved in a traffic stop initiated by a uniformed police officer who was working his capacity as a police officer at the time. Because of defendant's actual knowledge, MCL 750.81d is not vague when applied to defendant's conduct."). The Court finds these opinions persuasive and concludes that the statute is not vague.

C. Ingham County Defendants' Motion (ECF No. 8)

1. Defendant District Court Judge Boyd and Defendant Circuit Court Judge Jamo

The Magistrate Judge recommends dismissing these two defendants because Judge Boyd and Judge Jamo are entitled to judicial immunity. No party objects to this conclusion or this recommendation.

2. Defendant County Prosecuting Attorney Jennifer Lawton-Pace

The Magistrate Judge recommends dismissing the claims against Defendant Lawton-Pace related to her actions that fell within the scope of her prosecutorial duties. No party objects to this conclusion or this recommendation.

For Plaintiff's constitutional challenges, the Magistrate Judge makes a different recommendation. The Magistrate Judge concludes that the proper defendant for

constitutional challenges to a state statute is "the official whose enforcement of the statute is being challenged." (PageID.331.) The Magistrate Judge concludes that Defendant Lawton-Pace is the proper defendant. This conclusion finds support in *McNeilus Truck and Manufacturing, Incorporated v. Ohio ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir. 2000) ("An action seeking to enjoin enforcement of an allegedly unconstitutional statute through a suit against a state official charged with its enforcement is not barred by the Eleventh Amendment. Where there is an imminent threat of enforcement, the Attorney General and all county attorneys are proper defendants.") (internal citation omitted). No party objects to the conclusion that Defendant Lawton-Pace is a proper defendant for Plaintiff's constitutional challenge to the state statutes.

3. Defendants Ingham County and the Individual Members of the Board of Commissioners

The Magistrate Judge recommends dismissing these defendants. The Magistrate Judge concludes Plaintiff sued the individual board members in their official capacities. The Magistrate Judge also concludes Plaintiff failed to plead sufficient facts to identify the policies and procedures that allegedly violate Plaintiff's rights. No party objects to these conclusions and recommendations.

4. Defendant Deputy Delaney and Defendant Deputy Macomber

The Magistrate Judge recommends denying the motion to dismiss as to these two defendants. Defendants rely on collateral estoppel, arguing that the question of probable cause was litigated in state court and resolved against Plaintiff in those proceedings. Based on one of the holdings in *Coogan v. City of Wixom*, 820 F.2d 170 (6th Cir. 1987), the

Magistrate Judge concludes that, in some situations, collateral estoppel may apply to findings made in a preliminary examination. The Magistrate Judge concludes, however, that the circumstances here are not appropriate applying collateral estoppel in a motion to dismiss. The Ingham County Defendants object.

Collateral estoppel is an affirmative defense. *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971); *McCormick v. Braverman*, 451 F.3d 382, 396 (6th Cir. 2006). "A motion to dismiss can be premised on an affirmative defense, however, if 'the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.'" *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554-55 (6th Cir. 2012) (quoting 5B Charles Alan Wright, Arthur Miller, Mary Kay Kane & Richard Marcus, Federal Practice & Procedure § 1357 at 713 (3d ed. 2004)).

In their motion and in their objection, Defendants do not argue that the allegations in the complaint show that collateral estoppel defeats Plaintiff's claim. Rather, to establish the elements of collateral estoppel, Defendant point to the transcript from the preliminary examination, which they attached to the motion to dismiss. In the motion, Defendants do not provide any legal principle or authority for the Court to consider the transcripts. In the objection, Defendants suggest that the Court can consider public records that are attached to a motion to dismiss.[1]

---

[1] Defendants make no attempt to establish that the transcripts are public records. As Defendants present their motion, they imply that the transcripts are public records. The record in this case does provide some basis for concluding that the transcripts might be available in state circuit court proceedings. The Register of Action for the proceeding before Judge Boyd in the state district court states that the transcripts of the preliminary examination were filed in the circuit court case. (ECF No. 9-1 PageID.96.) And, the Record of Action for the proceedings before Judge Jamo states

The Court overrules the Ingham County Defendants' objection. Defendants have not established that the Court can take judicial notice of the facts contained within the transcripts of the preliminary exam. Rule 201 of the Federal Rules of Evidence governs judicial notice. The rule explicitly addresses judicial notice of "adjudicative facts." The rule does not address judicial notice of documents or records. *See* Fed. R. Evid. 201 advisory committee's notes to 1972 proposed rules, note to subdivision (a) ("This is the only evidence rule on the subject of judicial notice. It deals only with judicial notice of 'adjudicative facts.'"). The rule requires either (1) the fact be "generally known within the trial court's territorial jurisdiction" or (2) the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1) and (2). Because of these two requirements, the doctrine is "explicitly limited." *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016). The Sixth Circuit has acknowledged that all circuits that have considered the question have concluded that a court may take judicial notice of some documents of public record. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (collecting cases).

Judicial notice of a public record does not function as judicial notice of the contents of that record. When a record is judicially noticed, only the fact of the document's existence is established. *Passa*, 123 F. App'x at 697. Judicial notice of a record—public, administrative, or other—does not mean that all of the facts contained within the document are accepted as true. *Id.*; *see e.g., In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 467 (6th Cir.

---

that the transcripts of the proceedings before Judge Boyd were filed on April 21, 2020. (ECF No. 9-5 PageID.256.)

6

2014) ("Under this standard, we could take notice of the fact that Omnicare filed the Audit Committee Charter and what the filing said, but we could not consider the statements contains in the document for the truth of the matter asserted, even at the motion-to-dismiss stage."); *Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) ("But it is not the existence of these documents that Davis seeks for us to acknowledge; rather he seeks to rely on the substantive facts within those exhibits, many of which are disputed, to support his appeal.").

To be clear, the Court declines to take judicial notice of contents of the preliminary transcript as part of its consideration of Defendants' objections to the Report and Recommendation. Rule 201(d) of the Federal Rules of Evidence establishes that a party may request that a court take judicial notice. Defendants have made no such request within their motion to dismiss or their objections and have not filed any stand-alone motion. The decision to take judicial notice falls within a court's discretion. *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002); *see Platt v. Bd. of Comm'rs on Grievances and Discipline of Ohio Supreme Court*, 894 F.3d 235, 245 (6th Cir. 2018) (finding that the district court did not abuse its discretion when it refused to take judicial notice of statements within certain documents explaining that "notice of public document is 'proper only for the fact of that document's existence, and not for the truth of the matters asserted therein.'") (quoting *Passa*, 123 F. App'x 697).

5. Constitutionality of MCL § 28.173a

After summarizing the possible constitutional issues arising from the collection of DNA from a pre-trial detainee, the Magistrate Judge concludes that "in the absence of any

argument from Defendant, dismissal of Plaintiff's claim is not appropriate." (PageID.23.) Defendants object.

Defendants identify a number of reasons why the complaint fails to plead a claim based on the alleged unconstitutionality of § 28.173a: (1) statutes are presumed constitutional; (2) Plaintiff failed to cite any authority for the conclusion that the statute is unconstitutional; (3) Plaintiff's references to federal constitution lack any analysis or explanation and do not support the conclusion that the statute is unconstitutional. (PageID.350-54.) Defendants then dispute the relevance of the authority in the Report and Recommendation and offer counter authority. (PageID.354-56.)

The Court overrules Defendants' objection. Defendants do not object to the Magistrate Judge's finding that Defendants did not make any argument for the dismissal of Plaintiff's constitutional challenge to § 28.173a. All of the arguments summarized above were made in the objection, not in Defendants' motion. The Magistrate Judge did not improperly credit Plaintiff's pleadings with facts to support a cognizable claim. The Magistrate Judge explained why Defendant Lawton-Pace would not be dismissed from the lawsuit—Plaintiff pleaded a claim Defendants did not move to dismiss.

Defendants do argue in their objection that the Magistrate Judge recommends inconsistent legal rulings. (PageID.354.) Defendants note that Plaintiff requests only damages; he does not request injunctive relief. Defendants also note that the Magistrate Judge recommends finding that Defendant Lawton-Pace is entitled to prosecutorial immunity.

The Court is not persuaded that Plaintiff's constitutional challenge to § 28.173a should be dismissed because Plaintiff failed to invoke the Court's equitable powers through the use of a legal term to describe the relief he seeks. Plaintiff's pleading must be read liberally. Were the Court to accept Defendants' argument, the remedy would be to allow Plaintiff to amend the complaint to add an explicit request for equitable relief. Additionally, Plaintiff did not indicate whether Defendant Lawton-Pace is sued in her individual or her official capacity. Prosecutorial immunity would not apply to claims against Lawton-Pace in her official capacity. *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009). And, the Eleventh Amendment does not bar a claim against an official capacity claim against a state official for prospective injunctive relief. *MacDonald v. Vill. of Northport, Michigan*, 164 F.3d 964, 971 (6th Cir. 1999).

D.  State Defendants' Motion to Dismiss (ECF No. 12)

The Magistrate Judge recommends granting this motion. No party objects to the conclusion and recommendations for the dismissal of the State Defendants.

For these reasons, the Court **ADOPTS** the Report and Recommendation. (ECF No. 23.) The Court **GRANTS** the State Defendants' motion to dismiss. (ECF No. 12.) The Court **GRANTS IN PART** the County Defendants' motion to dismiss. (ECF No. 8.) The only claims remaining are Plaintiff's constitutional challenge to Michigan Compiled Laws § 28.173a) and his claims against Defendants Delany and Macomber related to Plaintiff's arrest, detention and the subsequent search. **IT IS SO ORDERED.**


Date:   August 20, 2021                                          /s/  Paul L. Maloney
                                                                                               Paul L. Maloney
                                                                         United States District Judge